UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| DELISA TATE | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 22-2759 |
| DG LOUISIANA LLC | * | SECTION "B" (2) |

### ORDER AND REASONS

Before me is Plaintiff Delisa Tate's Motion to Quash Subpoena Duces Tecum. ECF No. 14. Defendant DG Louisiana LLC timely filed an Opposition Memorandum. ECF No. 15. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion is GRANTED for the reasons stated herein.

### I.     BACKGROUND

Plaintiff Delisa Tate filed suit in state court alleging that she sustained damages during a slip and fall incident at a Dollar General Store in Slidell, Louisiana. ECF No. 1-1 at 1, ¶ II. Plaintiff later sought and obtained leave to file an amended petition in which she substituted DG Louisiana LLC for all defendants originally named, after which it filed a Notice of Removal based on diversity jurisdiction under 28 U.S.C. § 1332. ECF Nos. 1-1 at 8, 1 at 2, ¶3. Plaintiff's Amended Complaint seeks a variety of damages, including:

- past and future physical pain and suffering;
- past and future mental pain and suffering;
- mental anguish;
- physical impairment and disability;
- past and future economic loss;
- loss of earning capacity;
- past and future medical expenses;
- rehabilitation; and
- loss of society.

1

Although Plaintiff originally sought economic damages, she has since stipulated that she is not asserting any economic loss claims, including lost wages or income. ECF No. 14-1 at 3.

Defendant sent Plaintiff's counsel a copy of a subpoena duces tecum directed to her accountant Stephanie Clark, which was not served "pending the outcome of the subject motion." *See* ECF Nos. 14-1 at 2, 14-3. The subpoena seeks:

> Any and all tax records, communications, tax forms, backup documentation, and other records, for all years, pertaining to the preparation and filing of tax records on behalf of Delisa Tate, also known as Delisa Rowe, Delisa Rowe Tate, and Delisa Rowe-Tate, and all businesses associated with her, including, but not limited to, Health Care Consulting, Rejuvenating Investments, LLC, Infinite Solutions Group, and Rejuvenating Concepts, Inc.
>
> For any information or documents stored in electronic form, the same must be produced in its native form, and only if impossible to produce in its native form, it must be produced in the form or forms in which it is ordinarily maintained.

ECF No. 14-3 at 1-2. Plaintiff seeks to quash the subpoena, asserting that the subpoena is overly broad, unduly burdensome, seeks protected information not related to the issues in dispute, and is not calculated to the discovery of admissible information. She also asserts the subpoena is a "fishing expedition solely for impeachment purposes." *Id*. at 2.

In Opposition, Defendant argues that, although Plaintiff has withdrawn her lost wages and income claim, these records are relevant to the claims for past and future physical and mental pain and suffering, mental anguish, physical impairment and disability, and loss of society to show whether Plaintiff had any changes in her work-related activities due to her injuries. ECF No. 15 at 2. Defendant also asserts that Plaintiff has put her "activity levels" at issue by asserting a claim for personal injury, hence the subpoena seeks discovery relevant to the parties' claims and defenses and proportional to the needs of the case. *Id*. at 3-4.

II.   APPLICABLE LAW AND ANALYSIS

   A. Rule 37's Meet and Confer Requirement

In connection with a discovery motion, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification, specifying:

(1) how the required conference was scheduled,
(2) who participated in the conference,
(3) the date and time of the conference,
(4) whether the conference was conducted by phone or in person,
(5) the duration of the conference,
(6) the specific topics that were addressed at the conference, and
(7) whether any issues were resolved by the parties, and, if so, the terms of the resolution.[1]

These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[2]

Plaintiff did not include a Rule 37 certification with regard to the issues raised in this motion. The failure to engage in a fulsome meet and confer prior to filing a discovery motion constitutes sufficient reason in itself to deny the motion.[3] However, in the interests of expediency and judicial

---

[1] *Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited July 21, 2022).
[2] *Id.*
[3] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (stating the Rule 37 certification is a prerequisite); *see also Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citing cases).

3

economy, the court may address the matter notwithstanding that failure. Accordingly, the Court will nonetheless address the merits of this motion.

### B. The Scope of Discovery

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Rule 26(b)(2)(C) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).

The relevancy evaluation necessarily begins with an examination of Plaintiff's claims.[4] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[5] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial. Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[6] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the

---

[4] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).
[5] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[6] *Id.* n.5 (citation and quotation omitted).

4

case."[7]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[8]  If relevance is in doubt, the court should be permissive in allowing discovery.[9]

### C. Third-Party Subpoenas Duces Tecum for Tax Records

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena that commands a non-party to whom it is directed to, among other things, produce responsive documents, electronically stored information, or tangible things.  A party has standing to seek to quash a subpoena directed to a third-party when the party alleges a personal right or privilege with respect to the materials subpoenaed.[10]  A party has a personal interest in tax information.[11]

Tax records are neither privileged nor undiscoverable.[12]  Courts are, however, reluctant to order the disclosure of tax records because they are considered "highly sensitive documents."[13]

---

[7] *Id*. (citations omitted).
[8] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[9] *E.E.O.C. v. Simply Storage Mgmt., L.L.C*., 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).
[10] *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citations omitted) (ruling movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed); *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.") (citations omitted); *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc*., 314 F.R.D. 214, 218 (M.D. La. 2016) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45.") (citation omitted); *see also Weatherly v. State Farm Fire & Cas. Ins. Co.*, No. 07-4371, 2009 WL 1507353, at *2 (E.D. La. May 28, 2009) (holding that defendant did not have standing to challenge the subpoena where it had no privilege over the documents); *Guzman v. Latin Am. Ent., LLC*, No. 13-41, 2014 WL 12599345, at *1 (S.D. Tex. July 2, 2014) (Costa, J.) (citing *U.S. Bank Nat. Ass'n v. James*, 264 F.R.D. 17, 18–19 (D. Maine 2010) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.")); *Frazier v. RadioShack Corp*., No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("As an initial matter, it should be noted that a plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.") (citations omitted).
[11] *See Global Oil Tools, Inc. v. Barnhill*, No. 12-1507, 2013 WL 681989, at *4 n.7 (E.D. La. Feb. 22, 2013) ("Unquestionably, personal tax returns qualify as a 'personal' interest.'") (citing *Marshall v. GE Marshall, Inc*., 2012 WL 5831195, at *6 (N.D. Ind. Nov. 15, 2012)).
[12] *F.D.I.C v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).
[13] *Nat. Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).

To determine whether tax records should be produced, the moving party must "demonstrate both: (1) that the requested tax information is 'relevant' to the subject matter of the action; and (2) that there is a 'compelling need' for the information because the information contained in the tax records is not 'otherwise readily obtainable' through alternative forms of discovery."[14] Numerous courts have recognized that tax information is relevant where a party has placed the subject of his income/earning capacity at issue in litigation.[15] Courts have largely declined to compel the disclosure of such financial information, however, where Plaintiff does not seek economic damages.[16]

*Branum v. Diamond Offshore Drilling, Inc.*[17] cited by Defendant is inapposite. In that case, Judge Zainey denied the Jones Act plaintiff's motion in limine to exclude testimony of his finances and prior bankruptcy despite the contention that such evidence was irrelevant as he was

---

[14] *Butler v. Exxon Mobil Refin. & Supply Co.*, No. 07-386, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) (citing *Nat. Gas Pipeline Co.*, 2 F.3d at 1411).

[15] *Butler*, 2008 WL 4059867, at *2 & n.5 (citing *Green v. Seattle Art Museum*, 2008 WL 624961 (W.D. Wash. 2008) and collecting other cases)); *Campos v. Zurich Am. Ins. Co.*, No. 21-03923, 2022 WL 3647722, at *6 (W.D. La. Aug. 24, 2022) (citing *E.E.O.C. v. Columbia Sussex Corp.*, No. 07-701, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009) (ordering discovery of tax records or production of signed form authorizing release of same, in connection with disparate treatment claim); *Thai Miller Truck Lines Inc.*, No 05-1958, 2006 WL 2349605, at *1 (W.D. La. Aug. 11, 2006) (noting that courts routinely direct plaintiffs to execute authorizations for the release of medical, employment, and tax records in personal injury matters)).

[16] *See, e.g., Peairs v. State Farm Mut. Auto. Ins. Co.,* No. 20-652, 2021 WL 5371553 (M.D. La. Nov. 17, 2021) *(*quashing defendant's subpoena duces tecum seeking, *inter alia*, tax returns and financial records for plaintiff's business because plaintiff was not seeking lost wages in his personal injury suit and discovery of his "activity level" could be obtained through other means); *Kappesser v. Nw. Treatment Servs., Inc,* No. 21-5590, 2022 WL 4483124 (W.D. Wash. Sept. 27, 2022) (denying defendant's motion to compel production of plaintiff's tax returns where plaintiff was not seeking damages for lost wages and rejecting defendant's argument that same were relevant to plaintiff's emotional distress claim); *Holt v. Lewader*, No. 18-2169, 2020 WL 10980230 (C.D. Ill. Mar. 16, 2020) (denying defendant's motion to compel financial records, including tax returns, employment records, and child support records, where plaintiff did not claim loss of income or allege impacted work ability); *Wheeler v. City of Orlando*, No. 07-1287, 2008 WL 5111244, at *3 (M.D. Fla. Dec. 3, 2008) (Denying defendant's motion to compel disclosure of social security financial records where plaintiff was not seeking any economic damages for lost wages or earning capacity); *Favreau v. Walmart Stores East, L.P.*, No. 10-877, 2011 WL 721504, at *2 (M.D. Fla. Feb 22., 2011) ("As Plaintiff is not seeking any economic damages for lost wages or earning capacity, his social security information is not relevant for those purposes.  Plaintiff's medical records will certainly provide Defendant with ample evidence regarding Plaintiff's medical condition and Defendant has not shown or argued an inability to obtain Plaintiff's medical records.")

[17] No. 06-3270, 2007 WL 2155790 (E.D. La. July 26, 2007) (Zainey, J.)

not asserting economic losses.[18] Defendant argued that the financial records suggested plaintiff was "performing substantial physical work for his construction company thereby calling into question the severity of his injuries." The Court credited defendant's argument in denying the motion, stating that defendant "has explained their relevance, i.e., that Defendant will use them to counter Plaintiff's contentions regarding the severity of his injury."[19] There is no evidence to suggest that Plaintiff has engaged in work requiring substantial physical effort. Further, decrease in income can be attributable to a myriad of issues, not necessarily Plaintiff's physical condition.

### III. CONCLUSION

Defendant's argument that tax information is relevant to provide context on Plaintiff's loss of income after the accident has been mooted by her stipulation not to seek economic damages. To the extent that Defendant seeks financial records to address Plaintiff's physical abilities, the extent of her injuries, or her activity levels, tax information would be, at most, marginally relevant to those issues. Further, such information may be obtained through other more convenient, less intrusive means. Thus, Defendant has failed to establish a compelling need for "any and all tax records, communications, tax forms, backup documentation, and other records, for *all years*" pertaining to Plaintiff "and all businesses associated with her."[20]

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Quash (ECF No. 14) is GRANTED.

New Orleans, Louisiana this 1st day of February, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[18] *Id*. at *2.
[19] *Id*.
[20] ECF No. 14-3 at 2 (emphasis added).